**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DANNY-R: MURRAY-BEY,

    Plaintiff,

      v.

JAMES R. BARNES & MIDDLESEX
COUNTY PROSECUTOR'S OFFICE,

    Defendants.

Civil Action No. 25-2076 (RK) (TJB)

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon Plaintiff Danny-R: Murray-Bey's ("Plaintiff") application to proceed *in forma pauperis*, ("IFP," ECF No. 1-4), together with Plaintiff's Complaint against Detective James R. Barnes ("Barnes") and the Middlesex County Prosecutor's Office (collectively, "Defendants"). ("Compl.," ECF No. 1.) For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED**, and his Complaint is **DISMISSED**.

## I.    BACKGROUND

At approximately 5:45 a.m. on February 21, 2025, Plaintiff alleges that agents from the Middlesex County Prosecutor's Office executed a search warrant on his property without probable cause. (Compl. at 3–4.) He alleges that he, along with his five children and pregnant wife, were at home at the time of the search and were made to wait in separate rooms while the search was conducted. (*Id.* at 7.) Ultimately, "over 20 electronic devices and computers" were confiscated from Plaintiff's home. (*Id.*)

While Plaintiff alleges that Defendants did not locate "any evidence to support their warrant" or "any additional evidence of a crime," (*id.* at 4), he acknowledges he was taken into

custody and ultimately held at the Middlesex County Jail for four days. (*Id.* at 4, 7.) Plaintiff notes he was charged with violating N.J. Stat. Ann. § 2C:24-4b(5)(b)(ii), which criminalizes the knowing possession, viewing, or control of "at least 1,000 but less than 100,000 items depicting the sexual exploitation or abuse of a child." N.J. Stat. Ann. § 2C:24-4b(5)(b)(ii); (*see* Compl. at 4). Plaintiff alleges this criminal charge is still pending against him in Middlesex County Superior Court under Case No. W-2025-000072-1209. (Compl. at 4.)

In his Complaint, Plaintiff asserts that Defendants violated his Fourth and Fourteenth Amendment rights by executing the warrant leading to his arrest because the warrant was purportedly based on "false statements made by" Barnes. (*Id.* at 4.) He also claims that his property was damaged as a result of the search, that he lost wages as a result of the time spent incarcerated, and that his arrest led to one of his children being removed from his custody. (*Id.* at 5.) Plaintiff seeks monetary relief in the form of five million dollars, punitive damages, and "therapy and medical assistance" for his family. (*Id.*) He also requests that this Court dismiss his state criminal charge with prejudice.[1] (*Id.*)

With his Complaint, Plaintiff also filed a short-form application to proceed *in forma pauperis*. (IFP.) In the application, Plaintiff answered zero, "No," or "none" to every question. (*See id.* at 1–2.) Plaintiff indicated he has zero "gross pay or wages," zero "take-home pay or wages," no other income from any source, zero money "in cash or in a checking or savings account," and no other assets. (*Id.*) Plaintiff also indicated he has no "regular monthly expenses" no dependents, and no "debts or financial obligations." (*Id.* at 2.)

---

[1] Notably, this case is remarkably similar to a case filed by Plaintiff just last year in this Court. There, Plaintiff alleged that officers executed a search warrant on his home that was based on "false statements," that the search did not lead to any evidence of the crime with which he was charged, and that he was falsely arrested and imprisoned. *See Murray-Bey v. Jones*, No. 24-5738, 2024 WL 4111600, at *1 (D.N.J. Sept. 6, 2024). The Court both denied Plaintiff's application to proceed *in forma pauperis* and dismissed his case. *See id.* at *5.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.    DISCUSSION

### A.    *In Forma Pauperis* Application

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiffs to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty

with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)), *aff'd on other grounds*, 586 F.App'x 899 (3d Cir. 2014).

To start, Plaintiff only provided the Court with a "Short Form" IFP application. (IFP at 1.) This renders the application deficient.[2] *See DiPietro v. New Jersey*, No. 19-17014, 2019 WL 4926865, at *1 (D.N.J. Oct. 7, 2019). Yet, even if this were the proper form, Plaintiff's sparse IFP application does not offer sufficient information to enable the Court to perform the screening that Section 1915(a) requires. *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023) ("Plaintiff's *in forma pauperis* application does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees.") While Plaintiff technically filled out answers to each prompt on the IFP application, Plaintiff's responses appear perfunctory. As noted above, Plaintiff answered zero "No," or "none" to every prompt. (*See* IFP.) Not only do these answers stretch the bounds of credulity—for example, he represents that he has no "regular monthly expenses" (*id.* at 2)—but they also contradict allegations in Plaintiff's Complaint. For instance, while he writes in his IFP application that he does not have any dependents, Plaintiff's Complaint makes numerous references to his four minor children who live with him. (*See, e.g.*, Compl. at 5, 7.) Thus, because Plaintiff did not submit the proper form and otherwise did not make a good faith effort to fill out the IFP application, Plaintiff's application is **DENIED**.

---

[2] The proper form can be found at https://www.njd.uscourts.gov/sites/njd/files/forms/AO-239.pdf.

### B.  Review of Complaint

Although a court is not required to conduct a screening of a complaint after denying an *in forma pauperis* application, the Third Circuit has endorsed a "flexible approach" that allows a court to dismiss a case "at any time . . . regardless of the status of a filing fee." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). The Court proceeds to screen Plaintiff's Complaint here in an effort to "conserve judicial resources" later. *See id.*

The Court may dismiss any claims that are "[1] frivolous or malicious; [2] fail[] to state a claim upon which relief may be granted; or [3] seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before turning to Plaintiff's claims against each Defendant, the Court notes at the outset that Plaintiff's request for this Court to dismiss the state criminal charge against him is denied. The Court generally may not enjoin a state court criminal proceeding. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (explaining that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution" under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff has not alleged any "extraordinary circumstances" that could justify departing from this rule. *Samaritano v. New Jersey*, No. 24-1889, 2025 WL 1554932, at *2 (3d Cir. June 2, 2025).

1.   Claims Against the Middlesex County Prosecutor's Office

Turning now to Plaintiff's claims, the Court finds that the Middlesex County Prosecutor's Office is immune from suit under the Eleventh Amendment. The Eleventh Amendment limits a federal court's jurisdiction over actions against a state entity. *See In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 249 (3d Cir. 2003). A suit against an entity "may be barred by the [E]leventh [A]mendment even though a state is not named a party to the action, as long as the state is the real party in interest." *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc). In determining whether the state is the real party in interest, courts must consider "three factors: (1) whether the money to pay for the judgment would come from the state; (2) the status of the agency under state law; and (3) what degree of autonomy the agency has." *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 857 (3d Cir. 2014). Courts in this District have "found that, functionally, the *Fitchik* analysis as applied to county prosecutor's offices ordinarily results in a finding of sovereign immunity when those offices are investigating or prosecuting crime." *Hoffman v. Warren Cnty. Prosecutor's Off.*, No. 23-561, 2023 WL 8271806, at *4 (D.N.J. Nov. 30, 2023) (cleaned up). Applying the factors here leads to that same conclusion.

On the first factor, under New Jersey law the state may be "obligated to pay the county prosecutors and their subordinates' defense costs and to indemnify them if their alleged misconduct involved the State function of investigation and enforcement of the criminal laws." *Wright v. State*, 778 A.2d 443, 464 (N.J. 2001). Plaintiff claims that agents of the Middlesex County Prosecutor's Office executed a search warrant at his home and then "falsely arrested and imprisoned" him. (Compl. at 4.) This conduct clearly involves the "investigation and enforcement of the criminal laws." *Wright*, 778 A.2d at 464. Accordingly, the first factor is satisfied. *See Hoffman*, 2023 WL 8271806, at *4. "Next, the prosecutor's office's 'status as a constitutionally established office' satisfies the second *Fitchik* factor." *Id.* (quoting *Est. of Bardzell v. Gomperts,*

6

515 F. Supp. 3d 256, 269 (D.N.J. 2021), *aff'd on other grounds*, No. 21-1906, 2022 WL 843483 (3d Cir. Mar. 22, 2022)). Finally, the New Jersey "Attorney General has the ultimate responsibility in matters related to the enforcement of the State's criminal laws that have been legislatively delegated to county prosecutors." *Wright*, 778 A.2d at 464. This satisfies the third factor. *Hoffman*, 2023 WL 8271806, at *4. Accordingly, Plaintiff's claims against the Middlesex County Prosecutor's Office are barred by the Eleventh Amendment.

Even if the claims against the Middlesex County Prosecutor's Office were not barred by the Eleventh Amendment, the Court would still dismiss them. Plaintiff brings his claims under 42 U.S.C. § 1983. (Compl. at 3.) Section 1983 creates a cause of action against "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution." 42 U.S.C. § 1983. (emphasis added) "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Est. of Lagano*, 769 F.3d at 854 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). However, "[l]ocal governmental bodies and their officials . . . are regarded as 'persons' amenable to suit under § 1983." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Thus, to determine whether the Middlesex County Prosecutor's Office is able to be sued under § 1983, the Court must determine if the Middlesex County Prosecutor's Office "is an arm of the State of New Jersey or of" Middlesex County. *Id.*

The United States Court of Appeals for the Third Circuit has provided guidance in this area: "'when [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State.' When county prosecutors perform administrative functions 'unrelated to the duties involved in criminal prosecution,' however, they act as county

officials." *Id.* at 855 (alteration in original) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505–06 (3d Cir. 1996)). Here, Plaintiff alleges misconduct related to the search of his home, his arrest, and his imprisonment. These are "classic law enforcement and investigative functions." *Id.* (quoting *Coleman*, 87 F.3d at 1505); *see also Henry v. Essex Cnty. Prosecutor's Off.*, No. 16-8566, 2017 WL 1243146, at *3 (D.N.J. Feb. 24, 2017). Therefore, when engaging in this conduct, the Middlesex County Prosecutor's Office was not a "person" within the meaning of section 1983 and cannot be held liable under the statute.

Accordingly, because Plaintiff's claims against the Middlesex County Prosecutor's Office are barred by the Eleventh Amendment and because the Middlesex County Prosecutor's Office is not a "person" within the meaning of section 1983, *Est. of Lagano*, 769 F.3d at 858 n.8 (explaining that these are "analytically distinct" inquiries), Plaintiff's claims against the Middlesex County Prosecutor's Office are **DISMISSED** without prejudice.

## 2. Claims Against Barnes

The Court turns next to Plaintiff's claims against Barnes. Plaintiff describes Barnes as an "agent[]" of the Middlesex County Prosecutor's Office. (Compl. at 4.) The Eleventh Amendment bars suits against state officials in their *official* capacity. *Allen v. N.J. State Police*, 974 F.3d 497, 506 (3d Cir. 2020) (citing *Will*, 491 U.S. at 71). However, the Eleventh Amendment does not prohibit suits against state officials in their *individual* capacity. *Marin v. Sec'y of Pa.*, 715 F.App'x 139, 141 (3d Cir. 2017) (per curiam) (citing *Hafer v. Melo*, 502 U.S. 21, 31 (1991)). Accordingly, "[e]ven a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Alden v. Maine*, 527 U.S. 706, 757 (1999).

Nonetheless, even where a suit is brought against a state official in his or her individual capacity, "courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). Indeed, allowing cases against a state official to proceed simply because the official is named in his or her individual capacity "would be to adhere to an empty formalism and to undermine the principle . . . that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997). What ultimately matters is whether "the state is the real, substantial party in interest." *Lee v. Lamas*, 419 F. Supp. 3d 863, 868 (E.D. Pa. 2019) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

Here, Plaintiff names Barnes in his individual capacity. At this stage, it is difficult to determine whether Plaintiff seeks relief from Barnes personally for wrongful conduct fairly attributable to him or relief for which the state is a real substantial party in interest. Out of an abundance of caution, the Court will not dismiss Plaintiff's claim against Barnes based on Eleventh Amendment immunity at this juncture. Instead, the Court will assume *arguendo* that Barnes is not immune under the Eleventh Amendment. *See Bowers v. Nat. Collegiate Athletic Assoc.*, 346 F.3d 402, 418 (3d Cir. 2003) ("[A] court may reserve judgment on Eleventh Amendment issues even when advanced by a state where it can resolve the case on other grounds and the prevailing party on the merits would be the same as the prevailing party if immunity were recognized.").

In any event, the Court finds that Plaintiff has failed to state a claim against Barnes upon which relief can be granted. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457,

477 (3d Cir. 2016)). Here, Plaintiff was arrested pursuant to a "Complaint-Warrant." (ECF No. 1-2 at 1.)[3] Generally, a facially valid warrant is sufficient to establish probable cause for an arrest. *See Tucker v. City of Phila.*, 679 F. Supp. 3d 127, 137–38 (D.N.J. 2023) (compiling cases).

When an arrest is made pursuant to a warrant, a plaintiff can still succeed on a claim for false arrest by showing "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant; and (2) that such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000); *see also Branch v. Concepcion*, No. 09-1237, 2010 WL 2985499, at *3 (D.N.J. July 21, 2010) (applying this analysis to an arrest made pursuant to a Complaint-Warrant). Plaintiff does not allege that the "false statements made by" Barnes were knowingly and deliberately false or made with reckless disregard for the truth. (Compl. at 4.) Plaintiff also does not plead any facts from which the Court could infer knowledge or recklessness. Instead, Plaintiff's allegation that Barnes made false statements is a "mere conclusory statement[]" insufficient to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, because there was probable cause to arrest Plaintiff, his false arrest claim fails, and his false imprisonment claim must also fail. *See Harvard*, 973 F.3d at 199; *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *3 n.3 (D.N.J. July 29, 2016) ("Given that Plaintiff has failed to state a claim for false arrest, his claim

---

[3] The Court may consider the Complaint-Warrant at this stage because Plaintiff attached it to his Complaint. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

for false imprisonment must also fail.").[4] Plaintiff's Complaint is therefore **DISMISSED** without prejudice.

Thus, **IT IS** on this 5th day of September, 2025, **ORDERED** that:

I.    Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-4) is **DENIED** without prejudice;

II.   Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice;

III.  The Clerk's Office is directed to **CLOSE** this case;

IV.   Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint and either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed application to proceed *in forma pauperis*;

V.    Upon receipt of an amended complaint and a proper and completed *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and

---

[4] Plaintiff also claims that his property was damaged during the execution of the search warrant. (Compl. at 5.) It is well established that "officers executing search warrants on occasion must damage property in order to perform their duty." *Dalia v. United States*, 441 U.S. 238, 258 (1979). Nonetheless, "[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment." *United States v. Ramirez*, 523 U.S. 65, 71 (1998). Here, Plaintiff does not allege any facts concerning the nature or extent of any property damage. Such sparse "allegations are too vague to support a conclusion that the officers acted unreasonably." *Badillo v. Stopko*, 519 F.App'x 100, 107 (3d Cir. 2013). Plaintiff also fails to assert any personal involvement by Barnes in this alleged property damage. Thus, this claim against Barnes must also be dismissed because "personal involvement" is a prerequisite to a successful individual capacity claim against an officer under section 1983. *Chavarriaga v. N.J. Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

Plaintiff also claims that he requested to see a copy of the search warrant, but it was never provided. (Compl. at 7.) Plaintiff claims that this violated his Fourth and Fifth Amendment rights and his right to Due Process of law. (*Id.*) It is unclear if this claim has legal merit, and, as it is currently pled, it is too "conclusory" to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. It is not clear who Plaintiff requested the warrant from, and even assuming it was Barnes, is not clear if Barnes heard and refused to provide the warrant. As such, Plaintiff has not pled the requisite "personal involvement" for a section 1983 claim against Barnes. *Chavarriaga*, 806 F.3d at 222.

VI.    The Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum Order; and (2) a blank long-form application to proceed *in forma pauperis*.

_____

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE